# JUDGE'S COPY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYDNEY BRADSHAW, | : | |
| Petitioner | : | No. 1:CV-01-0756 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| IMMIGRATION AND NATURALIZATION | : | |
| SERVICE, | : | |
| Respondent | : | |

**FILED**
**HARRISBURG**

MAY 2 4 2001

MARY E. D'ANDREA, CLERK
Per:_____
DEPUTY CLERK

### RESPONDENT'S EXHIBITS IN SUPPORT OF
### 1ST RESPONSE TO THE WRIT OF HABEAS CORPUS

MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
MARK E. MORRISON
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
717/221-4482

Dated:  May 24, 2001

# EXHIBIT - 1

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No:  *A13 914 980*

In the Matter of:

Respondent:  *BRADSHAW, Sydney*  currently residing at:

*68 Archibald St.   Burlington  VT  05401*

(Number, street, city, state and ZIP code)  (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

```
4.You are not a citizen or national of the United States.

5.You are a native of GUYANA and a citizen of GUYANA.


6.You were admitted to the United States at New York City on or about
12/20/1964 as a resident alien,
```

### SEE CONTINUATION FORM I-831 ATTACHED

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

```
Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as
amended, in that, at any time after admission, you have been convicted of an
aggravated felony as defined in section 101(a)(43) of the Act.
```

### SEE CONTINUATION FORM I-831 ATTACHED

☐  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐  Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
*DATE, PLACE AND TIME TO BE SET.*

(Complete Address of Immigration Court, Including Room Number, if any)

on _____ at _____ to show why you should not be removed from the United States based on the
(Date)  (Time)
charge(s) set forth above.

*ASST. OFFICER IN CHARGE*
(Signature and Title of Issuing Officer)

Date:  *06/10/1998*

*ST. ALBANS, VT*
(City and state)

### See reverse for important information

Ex H. 1

Form I-862 (Rev. 4-1-97)

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form _____ I-862

| Alien's Name | File Number | Date |
|---|---|---|
| BRADSHAW, Sydney | A13 914 980 | 06/10/1998 |

ALLEGATIONS CONTINUED:

7. You were, on 02/09/1998, convicted in the Vermont District Court Unit 2, Chittenden Circuit at Burlington, Vermont for the offense of aggravated assault, in violation of V.S.A. 13 Title 1024, and sentenced to 8 months to 4 years to serve all suspended except 8 months and placed on probation

PROVISIONS CONTINUED:

| Signature | Title |
|---|---|
| RICHARD HAKEY | ASST. OFFICER IN CHARGE |

_____ 2 _____ of _____ 2 _____ Pages

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have the opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by an immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make such an application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

_____                Date:_____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on __6/12/98__ , in the following manner and in
(Date)
compliance with section 239(a)(1)(F) of the Act:

☑ in person        ☐ by certified mail, return receipt requested        ☐ by regular mail

☑ Attached is a list of organizations and attorneys which provide free legal services.

☑ The alien was provided oral notice in the __English__ language of the time and place of his or her

hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_Mr Sydney Prochell_
_Refused to sign_
(Signature of Respondent if Personally Served)

_Special Agent_
(Signature and Title of Officer)

# EXHIBIT - 2

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

Matter of                                          A 13 914 980

)
)
SIDNEY BRADSHAW                )          In REMOVAL Proceedings
)
        Respondent            )          Transcript of Hearing

Before THOMAS M. RAGNO, Immigration Judge

Date:                              Place: Boston, Massachusetts

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:

Language:

Appearances:

    For the Immigration and
    Naturalization Service:                For the Respondent:

    Kathleen DeSimone, Esq.                          Pro se

Exh- 2

NV

1    JUDGE FOR THE RECORD

2            This will be a removal proceeding in the matter of

3    Sidney Bradshaw (indiscernible) Boston, Massachusetts.

4    JUDGE TO MR. BRADSHAW

5            Q    Mr. Bradshaw, you speak the English language, do

6    you not?

7            A    Si.

8            Q    Pardon?

9            A    Yes, Your Honor.

10           Q    Si is not in English.  Yes is English.

11           A    Yes, Your Honor.

12           Q    Mr. Bradshaw, the Government of the United

13   States has issued an official paper in your name entitled

14   Notice to Appear.  This document tells you to appear before an

15   Immigration Judge.  The purpose of appearing before an

16   Immigration Judge is to have a hearing.  A hearing is to

17   determine whether you should be removed from this country or be

18   excused from being removed from this country.  It is your right

19   in this removal proceeding, Mr. Bradshaw, to be represented, at

20   no expense to the United States Government, by an attorney or

21   someone authorized to represent aliens in removal proceedings.

22   Do you wish to be represented in this removal proceeding, sir?

23           A    May I address the Court?

24           Q    You have to answer the questions, Mr. Bradshaw.

25           A    Your Honor.

A 13 914 980                          1

NV

1       Q     Yes or no?  Do you wish to be represented in
2  these proceedings?
3       A     Your Honor, I need representation, but as of
4  today, as you can see, I'm without representation.
5       Q     Sir, we'll adjourn your case for you to obtain
6  representation.  The Government's required to give you a list
7  of organizations you can contact in case you wanted to be
8  represented, if you cannot afford to hire an attorney.  Did you
9  get that list?
10      A     I got that list, Your Honor.
11 JUDGE TO MS. DESIMONE
12      Q     Ms. DeSimone, any objection to adjourning Mr.
13 Bradshaw's case in order for him to obtain representation?
14      A     No objection, Your Honor.
15 JUDGE FOR THE RECORD
16      The Docket Clerk will give us a date in futuro for
17 the Respondent to obtain representation.
18                      [OFF THE RECORD]
19                      [ON THE RECORD]
20 JUDGE TO MR. BRADSHAW
21      Q     Mr. Bradshaw, we're going to adjourn your case
22 to July 21, 1998 at one PM in order for you to obtain
23 representation.  Just in case you lost or misplaced the list of
24 organizations that we say you received, take another list here.
25 JUDGE TO CLERK

A 13 914 980                    2

NV

1           A    I gave him one, Your Honor.

2           Q    All right.

3  JUDGE TO MR. BRADSHAW

4           Q   Mr. Bradshaw, we're going to give you a written

5  notice of the new hearing date in hand.  Mr. Bradshaw, if you

6  can afford to hire your own attorney, do so.  If you can't

7  afford to hire your own attorney, you're going to have to

8  contact those organizations on that list that we just gave you,

9  and see if they'll send somebody here to represent you.  Do you

10  have any questions about what you have to do in order to obtain

11  representation, sir?

12          A   No, Your Honor.

13  JUDGE FOR THE RECORD

14        Proceedings are adjourned.

15              HEARING CONTINUED

16

17

18

19

20

21

22

23

24

25

A 13 914 980               3

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

Matter of                                    A 13 914 980

SIDNEY BRADSHAW          )          In REMOVAL Proceedings
                        )
        Respondent       )          Transcript of Hearing

Before THOMAS M. RAGNO, Immigration Judge

Date:  July 21, 1998          Place: Boston, Massachusetts

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:

Language:

Appearances:

        For the Immigration and
        Naturalization Service:          For the Respondent:

        M. John D'Angelo, Esq.           Lydia M. Diaz, Esq.

NV

```
 1    JUDGE FOR THE RECORD

 2              This will be tape two of a continued removal

 3    proceeding in the matter of Sidney Bradshaw, file 13 914 980.

 4    This continued removal proceeding is being conducted before

 5    Immigration Judge Thomas M. Ragno, at the Immigration Court,

 6    Boston, Massachusetts, on 7/21/1998.  Present is the

 7    Respondent, his attorney, Lydia M. Diaz, Esquire, Service

 8    counsel M. John D'Angelo, Esquire, Boston, Massachusetts.

 9    Counsel has filed an appearance.

10    JUDGE TO MS. DIAZ

11              Q    What's your pleasure, counsel?  Counsel, you

12    filed an appearance.  What's your pleasure?

13              A    Your Honor, I was just retained by Mr. Bradshaw

14    this past Friday, so I would request a brief continuance so

15    that I can have a chance to prepare the Respondent's pleading.

16    JUDGE TO MR. D'ANGELO

17              Q    Any objection, Mr. D'Angelo?

18              A    No, Your Honor.  I'd just note this would be the

19    second continuance.

20              Q    Yes.

21              A    So I would ask that we proceed next time.

22    JUDGE TO MS. DIAZ

23              Q    We'll adjourn this case to August 4, 1998 at

24    one, counsel?  No objection to that time and date?

25              A    Actually, Your Honor, I am already scheduled to
```

A 13 914 980                    4                    July 21, 1998

NV

1    be in Court on that date.

2            Q    The whole day?

3            A    Yes.

4            Q    We'll get another hearing date.

5                        [OFF THE RECORD]

6                        [ON THE RECORD]

7    JUDGE TO MS. DIAZ

8            Q    August 11, 1998 at one, counsel?

9            A    That's fine, Your Honor.

10   JUDGE FOR THE RECORD

11           Give the parties a written notice of the new hearing

12   date, a change of address.  If the Respondent changes his

13   address, strike that.  He's detained.  Proceedings are

14   adjourned.

15                        HEARING CONTINUED

16

17

18

19

20

21

22

23

24

25

**U.S. Department of Justice**
**Executive Office for Immigration Review**
**Immigration Court**

Matter of                                             A 13 914 980

| | |
|---|---|
| SIDNEY BRADSHAW | ) In REMOVAL Proceedings |
| Respondent | ) Transcript of Hearing |

Before THOMAS M. RAGNO, Immigration Judge

Date:  August 11, 1998          Place: Boston, Massachusetts

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:

Language:

Appearances:

For the Immigration and
Naturalization Service:                  For the Respondent:

Helen Moore, Esq.                        Lydia M. Diaz, Esq.

NV

1    JUDGE FOR THE RECORD

2           This will be a continued removal proceeding in the

3    matter of Sidney Bradshaw, file 13 914 980.  This continued

4    removal proceeding is being conducted before Immigration Judge

5    Thomas M. Ragno at the Immigration Court in Boston,

6    Massachusetts on 8/11/1998.  Present is the Respondent, his

7    attorney, Lydia M. Diaz, Esquire, Service counsel, Helen Moore,

8    Esquire.  These proceedings were adjourned for counsel to

9    prepare pleadings.  We have the pleadings.

10    JUDGE TO MS. MOORE

11           Q    You have a copy, Ms. Moore?

12           A    I do, Your Honor.

13    JUDGE TO MS. DIAZ

14           Q    Can we make the charging document part of the

15    record, counsel?

16           A    Yes, Your Honor.

17    JUDGE FOR THE RECORD

18           Mark that Exhibit 1.

19    JUDGE TO MS. MOORE

20           Q    No objection to the pleadings being made part of

21    the record, Ms. Moore?

22           A    No, Your Honor.

23    JUDGE FOR THE RECORD

24           Mark that Exhibit 2.  The pleadings reflect that the

25    Respondent is admitting factual allegations five and six, and

A 13 914 980                    6            August 11, 1998

NV

1    denies four through seven.  Respondent denies he is removable

2    as charged, refuses to designate a country of removal, and

3    applies for termination of proceedings.

4    JUDGE TO MS. MOORE

5             Q    Ms. Moore.

6             A    I have the certified conviction record, and a

7    copy of the immigrant visa face page, Your Honor.

8             Q    So you want to proceed on the merits to

9    establish removability?

10            A    Yes, Your Honor.

11   JUDGE TO MS. DIAZ

12            Q    No objection to that, counsel?

13            A    Your Honor, I do have an objection to that.

14            Q    And what's your objection?

15            A    Well, what we would like to do is if Your Honor

16   could schedule an individual calendar hearing, we would like to

17   present evidence that the Respondent has acquired derivative

18   citizenship through the naturalization of his parents.

19            Q    You didn't ask for that in your pleadings, did

20   you?

21            A    Well, I had requested that we have one hour to

22   present evidence.

23            Q    I was saying you didn't, you didn't ask for

24   that, a continuance to pursue with the Immigration Service,

25   establish your client is a citizen, an N-600.  Is that right?

A 13 914 980                    7              August 11, 1998

NV

1    Is that what you're asking for now?

2            A    Yes, Your Honor.

3    JUDGE TO MS. MOORE

4            Q    Any objection to doing that, Ms. Moore?

5            A    I'm sorry.  Could you repeat that, Your Honor?

6            Q    Counsel wants a continuance so that she could

7    have her client submit an N-600 to the INS to establish that he

8    is a citizen of the United States through derivation.  Any

9    objection to doing that?

10           A    Yes, Your Honor.  I don't believe he's

11   statutorily eligible --

12           Q    I don't know.

13           A    To become a citizen, due to his aggravated

14   felony conviction.

15           Q    If you're a derivative citizen, you don't have

16   to show that you're an aggravated felon or not an aggravated

17   felon.  It has nothing to do with an aggravated felony,

18   derivative citizenship.  He's either a citizen through

19   derivation or he isn't.  She wants to time to submit an N-600

20   to the Immigration Service to establish that he's a citizen of

21   the United States.  If he's a citizen of the United States,

22   he's not removable.  We don't remove citizens of the United

23   States.

24           A    I understand that, Your Honor.

25           Q    I'm glad you understand that.  So any objection

A 13 914 980                    8                    August 11, 1998

NV

1  to adjourning the case for him to submit an N-600 to the

2  Immigration Service to establish that he's a citizen through

3  derivation, as counsel has motioned?

4      A    Yes, Your Honor.  I would be opposed.  I mean

5  we're only going on counsel's recommendation that the

6  Respondent is a citizen.  We have no evidence that, he may not

7  be.

8  JUDGE TO MS. DIAZ

9      Q    So counsel, do you want to make out a prima

10  facie case for me to continue this case for your client to

11  submit an N-600 to show he is a citizen through derivation?

12      A    Yes, Your Honor.  It is my understanding that

13  both of Mr. Bradshaw's parents naturalized in 19, the 1960's.

14  We believe it was either in 1963 or 1964.  At one point in Mr.

15  Bradshaw's career when he needed to apply for citizenship for a

16  job, he was told at that time he didn't need to take the oath

17  of allegiance because he was already a citizen.  We believe we

18  just need a chance to present evidence on that.

19      Q    Counsel, why don't you ask for a continuance

20  instead of pleading, to pursue whether he is a citizen or not?

21  We can avoid a lot of problems here.

22      A    Okay.  It was my understanding, Your Honor, that

23  we pled at the master calendar, individual calendar hearing --

24      Q    No, you didn't.

25      A    And rescheduled so that --

A 13 914 980                    9                    August 11, 1998

NV

1        Q    No, you didn't.  It was continued for you to

2   prepare, right?  Where did you plead?  You've got the pleadings

3   now, right?

4   JUDGE TO MS. MOORE

5        Q    Well Ms. Moore, you have the immigrant visa.

6   Does it show what his parents' status was?  Somebody must have

7   petitioned for him.

8   JUDGE FOR THE RECORD

9        Off the record.

10                        [OFF THE RECORD]

11                        [ON THE RECORD]

12  JUDGE FOR THE RECORD

13       We're back on the record.

14  JUDGE TO MS. MOORE

15       Q    Ms. Moore, you're handing me a document from the

16  Vermont District Court.

17       A    Yes, Your Honor.

18  JUDGE TO MR. BRADSHAW

19       Q    Do you have a copy of this, counsel?

20       A    Yes I do, Your Honor.

21       Q    Want to make it part of the record?

22       A    Yes, Your Honor.

23       Q    All right.

24  JUDGE FOR THE RECORD

25       We'll make it Exhibit 3.

NV

1    JUDGE TO MS. MOORE

2                Q    Anything else, Ms. Moore?

3                A    No, Your Honor.

4    JUDGE FOR THE RECORD

5                Now we're back again with the issue of citizenship.

6    JUDGE TO MS. DIAZ

7                Q    You want time to research that to see if your

8    client is a citizen?

9                A    Yes, Your Honor.

10               Q    Come back here and we'll see whether or not we

11   can continue this case so that your client can pursue an N-600

12   with the Immigration Service.  But you have to make out a prima

13   facie case, all right?

14               A    Yes, Your Honor.

15               Q    I'm not going to continue it just so you can

16   submit an N-600.  You have to show some prima facie evidence

17   that he has the claim, okay?  I'm not going to adjudicate it

18   here.  The Service will do it.  That's (indiscernible) an N-

19   600.

20   JUDGE TO MS. MOORE

21               Q    Is that agreeable, Ms. Moore?

22               A    Yes, Your Honor.

23               Q    All right.

24   JUDGE FOR THE RECORD

25               We'll adjourn this case to August 25, 1998 at one PM.

A 13 914 980                    11              August 11, 1998

NV

1    JUDGE TO MS. DIAZ

2           Q    Is that agreeable, counsel?

3           A    Your Honor, I would ask for a little bit more

4    time than that so that I can have a chance to --

5           Q    Okay.  Next master calendar after that date is

6    what?

7    JUDGE FOR THE RECORD

8           Off the record.

9                 [OFF THE RECORD]

10               [ON THE RECORD]

11   JUDGE FOR THE RECORD

12        Docket Clerk has given us the date of 9/1/1998 at

13   one.

14   JUDGE TO MS. DIAZ

15        Q    Is that time and date agreeable, counsel for the

16   Respondent?

17        A    Yes, Your Honor.

18   JUDGE TO MS. MOORE

19        Q    Ms. Moore?

20        A    Yes, Your Honor.

21   JUDGE FOR THE RECORD

22        Give the parties a written notice of the new hearing

23   date.  Proceedings are adjourned.

24               HEARING CONTINUED

25

A 13 914 980            12          August 11, 1998

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

Matter of                                           A 13 914 980

```
                              )
                              )
SIDNEY BRADSHAW               )          In REMOVAL Proceedings
                              )
           Respondent         )          Transcript of Hearing
```

Before THOMAS M. RAGNO, Immigration Judge

Date: September 8, 1998          Place: Boston, Massachusetts

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:

Language:

Appearances:

> For the Immigration and
> Naturalization Service:                For the Respondent:
>
> Kathleen DeSimone, Esq.                          Pro se

NV

1    JUDGE FOR THE RECORD

2            This will be a continued removal proceeding in the

3    matter of Sidney Bradshaw, file 13 914 980.  This continued

4    removal proceeding is being conducted before Immigration Judge

5    Thomas M. Ragno at the Immigration Court, Boston,

6    Massachusetts, on 9/8/1998.  Present is the Respondent, Service

7    counsel Kathleen DeSimone, Esquire.

8    JUDGE TO MR. BRADSHAW

9            Q    Mr. Bradshaw, we permitted your attorney Lydia

10   M. Sanchez to withdraw subject to service.  Are you aware of

11   that, sir?

12           A    Yes, Your Honor.

13           Q    And you're here today without someone to

14   represent you.  Is that right?

15           A    Yes, sir.  Yes, Your Honor.  I have to be pro

16   se.

17           Q    You're going to proceed pro se?

18           A    I have to at this juncture, Your Honor.

19           Q    Okay.

20   JUDGE TO MS. DESIMONE

21           Q    We could proceed, Ms. DeSimone?

22           A    Yes, Your Honor.

23   JUDGE FOR THE RECORD

24           So we've made the charging document already part of

25   the record.

A 13 914 980                    13              September 8, 1998

NV

```
 1    JUDGE TO MS. DESIMONE

 2            Q    But don't we have to apprise the Respondent of

 3    his rights in these proceedings?

 4            A    I think that would be appropriate, if he hasn't

 5    already been given them.

 6            Q    I think so.

 7    JUDGE TO MR. BRADSHAW

 8            A    I already have been, Your Honor.

 9            Q    You did?  Very good.

10    JUDGE FOR THE RECORD

11            So Exhibit 2 in the record are the pleadings, and we

12    have --

13    JUDGE TO MR. BRADSHAW

14            Q    Exhibit 3 is your conviction, and your copy of

15    your face sheet of your immigrant visa showing you came here.

16    So let's see what the pleadings show here.

17    MR. BRADSHAW TO OFFICER

18            Q    Would you give the Judge the pleadings please?

19    JUDGE TO MR. BRADSHAW

20            Q    We'll see what your pleadings are.  You admit

21    allegations five and six, deny four and seven.

22            A    I just deny seven, sir.

23            Q    You deny seven?  It says here you denied

24    allegations four through seven, and seven.  Five and six.

25            A    Four --
```

A 13 914 980                    14                    September 8, 1998

NV

1         Q    Well, why don't we go through them, okay, since

2  you're not represented, your attorney has withdrawn.  The Order

3  to Show Cause we've made part of the record in your case.  We

4  can leave that stay in, Mr. Bradshaw?

5         A    Sir, I didn't hear you.  Could you just say that

6  again?

7         Q    You're listening to me?

8         A    Yes.  I'm listening, Your Honor.

9         Q    I said can we leave the Order to Show Cause like

10  that, the Notice to Appear in the record as Exhibit 1 as it is

11  now?

12         A    Yes, sir.

13         Q    Okay.  All right.  What I'm going to do sir, is

14  I'm going to read each allegation to you, and after I read each

15  allegation to you, I want you to tell me if it's true or not,

16  okay?  Notwithstanding the pleadings.  So, the first allegation

17  says here, it starts with four.  You are not a citizen or

18  national of the United States.  Is that true?

19         A    That's correct, Your Honor.

20         Q    The second says you're a native and citizen of

21  Guyana.  Is that true sir?

22         A    That's correct, Your Honor.

23         Q    Six says you were admitted to the United States

24  at New York City on or about December 20th, 1964 as a resident

25  alien.  Is that true?

NV

1          A      That's true, Your Honor.

2          Q      And allegation seven says on 2/9/1998 you were

3     convicted in the Vermont District Court, Unit Two, Chittenden

4     Circuit, at Burlington, Vermont, for the offense of aggravated

5     assault, in violation of VSA 13 Title 1024, and sentenced to

6     eight months to four years to serve, all suspended except eight

7     months, and placed on probation.  Is that true?

8          A      No, Your Honor.

9          Q      You're denying that?

10         A      I'm denying that, Your Honor.

11         Q      Okay.  And the Government in this charging

12    document is charging because of the allegations four through

13    seven that you're subject to removal pursuant to the following

14    law; Section 237(a)(2)(A)(iii) of the Immigration and

15    Nationality Act as amended, in that at any time after admission

16    you have been convicted of an aggravated felony as defined in

17    Section 101(a)(43) of the Act.

18    JUDGE TO MS. DESIMONE

19         Q      Ms. DeSimone, in light of the Respondent's

20    denial of allegation seven, taking the position he's denying

21    that he's subject to removal on the charge contained in the

22    Notice to Appear, you want to proceed?

23         A      Yes, Your Honor, please.  I think we've

24    previously offered the conviction record.

25         Q      I know that.

A 13 914 980                    16              September 8, 1998

NV

1          A    Okay.  I would just refer the Court, I would

2   just Your Honor, as to his denial of allegation seven, I would

3   refer the Court to the entry date of 2/9/98, the entry on the

4   docket on the conviction sheet, 2/9/98.

5          Q    What are you talking about?

6          A    Did he, if I understood, didn't he deny

7   allegation seven, Your Honor?

8          Q    Yeah.  And allegation seven says what?

9          A    Well, it just establishes that he was found

10  guilty and the sentence.  I don't know what part of allegation

11  seven he was denying.

12  JUDGE TO MR. BRADSHAW

13         Q    Well sir, what allegation, what part of

14  allegation seven are you denying?

15         A    The entire, the entire allegation, Your Honor.

16         Q    Okay.  So --

17  JUDGE TO MS. DESIMONE

18         Q    Not represented this time, so what does the

19  Court want to bring to my attention that proves allegation

20  seven?

21         A    Well Your Honor, I think the certified copy of

22  conviction certainly is --

23         Q    What conviction?  Exhibit 3 in the record?

24         A    Yes, Your Honor.

25         Q    Well, why don't you say it?

A 13 914 980                    17              September 8, 1998

NV

```
 1         A    I'm sorry.  I thought I did.  Exhibit 3, Your

 2    Honor.

 3    JUDGE TO MR. BRADSHAW

 4         Q    Sir, have you seen Exhibit 3?

 5         A    Yes, Your Honor.

 6         Q    In the record?

 7         A    Yes, Your Honor.

 8         Q    Is that your conviction in the --

 9         A    Your Honor, at this time I'd like to present a -

10    -

11         Q    Sir, do you want to answer the question?  Is

12    that your conviction as reflected in allegation seven, Exhibit

13    3, sir?  Mr. Bradshaw, is that your conviction of 2/9/1998 in

14    the Vermont District Court?

15         A    Your Honor, that's what the allegation states,

16    but I'm denying that allegation.

17         Q    Excuse me.

18         A    Yes, sir.

19         Q    I'm talking about Exhibit 3.  Can you read

20    English, sir?

21         A    I can, and Exhibit --

22         Q    Does it say that you were convicted in that

23    District Court as reflected in allegation seven?

24         A    Your Honor, the only papers I have here, in

25    allegation three says you have been admitted.  Maybe I'm
```

A 13 914 980                          18                September 8, 1998

NV

1   reading the wrong --

2           Q     Maybe.

3   JUDGE FOR THE RECORD

4           We'll go off the record.

5   JUDGE TO MS. DESIMONE

6           Q     Do you want to give him another copy of Exhibit

7   3?

8           A     Sure.

9   JUDGE FOR THE RECORD

10          Off the record.

11                          [OFF THE RECORD]

12                          [ON THE RECORD]

13  JUDGE TO MR. BRADSHAW

14          Q     Sir, you got a copy of Exhibit 3?

15          A     She's given it to me now, Your Honor.

16          Q     Sir, look at Exhibit 3.

17          A     Yes, Your Honor.

18          Q     What's it say?

19          A     Says, it says --

20          Q     It says on 2/9/1998, you pleaded nolo

21  contendere, the Judge found you guilty of aggravated assault,

22  placed you, sentenced you to eight months to four years

23  incarceration, suspended, except for eight months, and placed

24  on probation, right?

25          A     That's what it says, Your Honor.

A 13 914 980                    19              September 8, 1998

NV

1      Q    That's what it says.  Have you appealed that

2  decision?

3      A    Yes, Your Honor, because I never --

4      Q    When did you appeal it?

5      A    Your Honor, as my paperwork says here --

6      Q    Sir, do you have a copy showing that you

7  appealed that conviction?

8      A    Yes.  This one right here.

9      Q    Sir, sir, sit down.

10      A    Yes, Your Honor.

11              [OFF THE RECORD]

12              [ON THE RECORD]

13  JUDGE TO MR. BRADSHAW

14      Q    You've handed me a document, sir.

15      A    Yes, sir.

16      Q    Prisoners' Rights Office.

17      A    Yes, Your Honor.

18      Q    And it says that you're, you're being

19  represented in a state post-conviction relief appeal.  So you

20  didn't appeal this when the Judge sentenced you, did you,

21  within the time you're supposed to appeal?

22      A    Yes, Your Honor.  I have a Court hearing.

23  JUDGE FOR THE RECORD

24         Off the record.

25              [OFF THE RECORD]

A 13 914 980                    20              September 8, 1998

NV

1.                          [ON THE RECORD]

2      JUDGE TO MR. BRADSHAW

3           Q    Do you have any records from the State of

4      Vermont, the Vermont District Court, Chittinden District,

5      showing that you appealed from the decision of the Judge as

6      reflected in allegation seven and Exhibit 3 in the record?

7           A    Your Honor, the answer is no, and the reason for

8      that Your Honor, is because the document that I showed you from

9      Prisoners' Rights says it's in the Supreme Court at this

10     particular time.

11          Q    Do you want me to continue your case for you to

12     submit to the Court here records that you appealed this

13     conviction?

14          A    It would be greatly appreciated.

15          Q    Next, I don't want any excuses.  Next time you

16     come back here, don't say you don't have any documents.  I want

17     a record showing that you appealed from the decision of the

18     Judge as reflected in Exhibit 3 in the record, your conviction

19     for an aggravated assault.  You understand?

20          A    I understand, Your Honor.

21          Q    All right.  We'll do that.  We'll continue your

22     case till 9/15/1998 at one PM for that purpose, okay?

23          A    Okay, Your Honor.

24     JUDGE FOR THE RECORD

25          We'll give the parties a written notice.  Proceedings

A 13 914 980                    21              September 8, 1998

NV

1    are adjourned.

2                    HEARING CONTINUED

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court


Matter of                                          A 13 914 980



                                    )
                                    )
SIDNEY BRADSHAW                     )          In REMOVAL Proceedings
                                    )
                    Respondent      )          Transcript of Hearing


Before THOMAS M. RAGNO, Immigration Judge



Date:  September 15, 1998          Place: Boston, Massachusetts



Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:

Language:



Appearances:

        For the Immigration and
        Naturalization Service:            For the Respondent:

        M. John D'Angelo, Esq.                      Pro se

NV

```
 1   JUDGE FOR THE RECORD
 2              This will be a continued removal proceeding in the
 3   matter of Sidney Bradshaw, file 13 914 980.  This continued
 4   removal proceeding is being conducted before Immigration Judge
 5   Thomas M. Ragno at the Immigration Court, Boston,
 6   Massachusetts, on 9/15/1998.  Present is the Respondent,
 7   Service counsel M. John D'Angelo, Esquire.  We adjourned these
 8   proceedings for Respondent to obtain, if I can read my notes
 9   here.
10   JUDGE TO MR. D'ANGELO
11              A    Evidence of an appeal.
12              Q    Oh, that's right.  Concerning Exhibit 3 for
13   identification in the record?
14              A    Correct, Judge.
15              Q    Yes.
16   JUDGE TO MR. BRADSHAW
17              Q    Mr. Bradshaw.
18              A    Your Honor.
19              Q    Enlighten the Court about the appeal.
20              A    Good afternoon, Your Honor.  Your Honor, I spoke
21   with counsel that is handling the P.C.R., that informed me that
22   there's no other relief being sought at this time for various
23   reasons.
24              Q    Yes.
25              A    In light of this, I'm asking the Court to,
```

NV

1    presenting the Court with certain documents.

2        Q    Yes.

3        A    That I'd like the Court to look over.

4        Q    What documents?

5        A    Documents, well, I'm asking that the Court stop

6    this removal procedure, and give me a chance to apply for my

7    own naturalization.  I've been in the country since 64, and I

8    did have good parts to my life.  Sorry I'm --

9        Q    How you going to do that?  How you going to

10   apply for citizenship, based on your records?

11       A    Your Honor, I did have, I was in this country

12   since 1964.

13       Q    Sir, you got to show that you're a person of

14   good moral character.  You got convicted in 1998 of assault,

15   right?

16       A    Allegedly convicted, Your Honor.

17       Q    No, no, no.  It's not allegedly.  You were

18   convicted, right?

19       A    Your Honor.

20       Q    Weren't you?

21       A    No, Your Honor.  There was a plea entered, which

22   I had no dealing --

23       Q    Sir, it's *res judicata*.  That means it's a

24   judgment.  You were found guilty in a court of law.  I can't go

25   behind that conviction.  You understand that?

A 13 914 980                    24              September 15, 1998

NV

1          A    I understand, Your Honor.

2          Q    So whether you had a lawyer who copped a plea,

3    and whatever, you were found guilty by a Court of competent

4    jurisdiction.  You're statutorily ineligible for citizenship,

5    because you got to show you're a person of good moral character

6    for five years preceding the filing of your application for

7    that relief, unless you were married to a citizen of the United

8    States.  Then you got to show three years of good moral

9    character prior to filing that citizenship application.  So you

10    can't do that.  You can't establish good moral character, so

11    you're not eligible to become a citizen.  So I'm telling you in

12    a nice way, I can't grant you a continuance for you to pursue

13    citizenship.

14    JUDGE TO MR. D'ANGELO

15          Q    You agree, Mr. D'Angelo?

16          A    One hundred percent, Your Honor.

17    JUDGE TO MR. BRADSHAW

18          Q    So, Mr. Bradshaw.

19          A    Your Honor.

20          Q    Yes, sir.  So?

21    JUDGE FOR THE RECORD

22          You see, you can't grant people relief.  Remember

23    that?

24    JUDGE TO MR. D'ANGELO

25          Q    So Exhibit 3, Mr. D'Angelo, is his conviction?

A 13 914 980                    25              September 15, 1998

NV

1         A    Yes.  The Government would offer it as a full

2  exhibit.

3         Q    I think we made it Exhibit 3 already.

4         A    In that case, Your Honor, the Government would,

5  would rest on the evidence.

6  JUDGE TO MR. BRADSHAW

7         Q    Sir, based on what is contained in the record --

8         A    Your Honor, I object to that evidence, and I

9  rebuttal, I enter a letter from the Prisoners' Rights, which

10  shows there are some mitigating circumstances.

11        Q    Sir, I can't go behind the criminal conviction.

12  Do you understand?  Didn't I explain that to you just now?

13        A    You just explained that, Your Honor, but I'm

14  telling you the conviction is just as valid as the person who

15  convicted me.

16        Q    Sir, I'm not a criminal judge.

17        A    Okay.

18        Q    This is not a criminal court.  I can only go on

19  the criminal record.  And Exhibit 3 shows you were convicted,

20  right?  Isn't that right, sir?

21        A    That's correct, Your Honor.

22        Q    All right.  You were sentenced to eight months

23  to four years, to serve all suspended except eight months on,

24  placed on probation.  Isn't that what it says?

25        A    That's what it says.

NV

```
 1              Q    All right.

 2              A    But that's not what happened, Your Honor.

 3              Q    Well, that's what it says.  I can't go behind

 4    the conviction.  All right, sir.  You're not eligible for any

 5    relief.  At least you're not eligible for cancellation of

 6    removal.

 7    JUDGE TO MR. D'ANGELO

 8              Q    Is that right, Mr. D'Angelo?

 9              A    That's correct, Your Honor.

10              Q    Aggravated felony?

11              A    That's correct.

12    JUDGE TO MR. BRADSHAW

13              Q    You have to be removed from the United States.

14    You're not eligible for voluntary departure.  An alien who is

15    an aggravated felon is not eligible for voluntary departure.

16    You have to be removed from the country.  What country do you

17    wish to be removed to?

18              A    I guess the Netherlands, Your Honor.

19              Q    Who?

20              A    Amsterdam.

21              Q    Who?

22              A    Amsterdam.  It's in the Netherlands, Your Honor.

23              Q    I can't deport you to a city, sir.

24              A    It's in the Netherlands.

25              Q    Sir, you got to name a country.  You don't have
```

NV

1    to name a country.

2           A    Holland.

3           Q    Holland or Netherlands?  Is that right?

4           A    That's correct, Your Honor.

5           Q    All right.

6    JUDGE TO MR. D'ANGELO

7           Q    Mr. D'Angelo, the Government wish to suggest an

8    alternate country of removal?

9           A    Guyana, Your Honor.

10    JUDGE TO MR. BRADSHAW

11           Q    Your removal will be directed to Holland or the

12    Netherlands, as it is frequently called.  And if they will not

13    accept into their territory, its territory, then you're going

14    to be ordered removed to Guyana.  Do you fear persecution if

15    deported to Guyana, sir?

16           A    Oh, Your Honor, I can't answer that.  I haven't

17    been there thirty some years.

18           Q    Well sir, let's see.  You were sentenced to

19    eight months to four years?  You got to tell me now.  You can't

20    say no, because there's a Board decision that says we got to

21    find out if you're, if you're afraid to go back to your

22    country.

23           A    My parents left there because of political

24    conflict, but things have changed.  I don't know, Your Honor.

25           Q    Are you afraid to go back to your country?  Yes

NV

```
 1   or no?

 2           A     No, Your Honor.

 3           Q     You can't say I don't know.

 4           A     No, Your Honor.

 5           Q     No?  Okay.  All right.  Very good.  How old are

 6   you, sir?

 7           A     Forty five, sir.

 8           Q     Married or single?

 9           A     I'm divorced, Your Honor.

10           Q     You're divorced.  Okay.

11   JUDGE TO MR. D'ANGELO

12           Q     There's nothing further, Mr. D'Angelo?

13           A     Nothing further.

14   JUDGE TO MR. BRADSHAW

15           Q     Mr. Bradshaw, you have anything you want to

16   state or present before I make a decision in your case, sir?

17           A     Your Honor, I will appeal this decision.

18           Q     Sir, I haven't made a decision yet.  You have

19   anything to state or present before I make a decision in your

20   case?

21           A     Not at this time, Your Honor.

22           Q     Very good.

23                     JUDGE RENDERS ORAL DECISION

24   JUDGE TO MR. BRADSHAW

25           Q     Mr. Bradshaw, you're going to reserve appeal?
```

NV

1          A    Yes, sir.

2          Q    Sir, you'll have until October 15, 1998 to

3    appeal this oral decision to the Board of Immigration Appeals.

4    We will give you an appeal form, a waiver of fee form if you

5    can't pay the filing fee on the appeal.  That has to be

6    executed and sent to the Board of Immigration Appeals on or

7    before October 15, 1998.  If they receive the appeal and the

8    waiver of a fee after that date, it's too late.

9    JUDGE FOR THE RECORD

10          We will give the parties a minute order of what we

11   have done here today.  Proceedings are closed.

12                    HEARING CLOSED

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT - 3

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Boston, Massachusetts

File No: A 13 914 980                    September 15, 1998

In the Matter of            )
                            )
SIDNEY BRADSHAW             )        IN REMOVAL PROCEEDINGS
                            )
            Respondent      )


CHARGES:        § 237(a)(2)(A)(iii) of the Immigration and
                Nationality Act as amended – any time after
                admission – convicted of an aggravated felony.


APPLICATIONS:   None.


ON BEHALF OF RESPONDENT:        ON BEHALF OF SERVICE:

Pro se                          M. John D'Angelo, Esq.
                                Assistant District Counsel
                                Immigration and
                                Naturalization Service
                                Boston, Massachusetts


## ORAL DECISION OF THE IMMIGRATION JUDGE

The Respondent is a 45 year old divorced male alien,
native and citizen of Guyana, who was admitted to the United
States at New York City, New York on or about December 20th,
1964, at which time he was admitted as a resident.

The Respondent conceded that allegations 4 through 6
in the Notice to Appear, Exhibit number 1, are true as stated,
which read as follows: "4.  You are not a citizen or national

Exh. 3

NV

of the United States.  5.  You are a native of Guyana and a
citizen of Guyana.  6.  You were admitted to the United States
at New York City on or about December 20th, 1964 as a resident
alien."  Respondent denied the truthfulness of allegation 7 in
the Notice to Appear, which reads as follows:  "7.  You were on
2/9/1998 convicted in the Vermont District Court, Unit 2,
Chittenden Circuit at Burlington, Vermont, for the offense of
aggravated assault, in violation of VSA 13 Title 1024 and
sentenced to eight months to four years to serve, all suspended
except eight months, and placed on probation."

The Respondent has denied that he is subject to
removal on the charge contained in the Notice to Appear, which
reads as follows:  "Section 237(a)(2)(A)(iii) of the
Immigration and Nationality Act (Act) as amended, in that, at
any time after admission, you have been convicted of an
aggravated felony as defined in Section 101(a)(43) of the Act."

The burden is on the Government to establish that the
allegations in the Notice to Appear (Exhibit number 1) are true
as stated, and that the Respondent is subject to removal on the
charge contained in the Notice to Appear by evidence which is
clear and convincing.

Exhibit 2 in the record is the Respondent's
pleadings, admitting allegations 5 and 6, and denying
allegation 4 and 7 in the Notice to Appear.  The Respondent's
pleadings, Exhibit 2, reflect that he denies that he is

A 13 914 980                    2              September 15, 1998

NV

removable as charged, refuses to designate a country of
removal, seeks termination of proceedings.   The pleadings are
dated August 11th, 1998 by his attorney, Lydia M. Diaz,
Esquire, who has since withdrawn from representing the
Respondent.

Exhibit 3 in the record contains the face sheet of
the Respondent's immigrant visa, showing he was admitted to the
United States as an immigrant on December 20, 1964 at New York
City, New York.   A review of that document indicates that the
Respondent came to the United States with a visa based on his
father petitioning for him, and that he is a native and citizen
of Guyana.   Exhibit 3 in the record contains a certified Court
record from the Vermont District Court Unit 2, Chittenden
Circuit at Burlington, Vermont, dated February 9th, 1998,
showing that the Respondent was convicted of aggravated assault
and sentenced to eight months to four years to serve, all
suspended except eight months, and placed on probation.

Based on the foregoing, and what is contained in the
record, I find that the Respondent is not a citizen or national
of the United States, but a native and citizen of Guyana, who
entered the United States at New York City, New York on
December 20th, 1964 as a resident alien, and that he was
convicted on February 9, 1998 in the Vermont District Court,
Unit 2, Chittenden Circuit, at Burlington, Vermont, for the
offense of aggravated assault, for which offense he was

A 13 914 980                     3              September 15, 1998

NV

sentenced to eight months to four years to serve, all suspended except eight months, and placed on probation.

Based on the foregoing and what is contained in the record, I find that the Respondent is subject to removal on the charge contained in the Notice to Appear by evidence which is clear and convincing.

Respondent's conviction dated 2/9/98 for aggravated assault, where he was sentenced to eight months to four years, constitutes an aggravated felony, and pursuant thereto, the Immigration Act precludes an aggravated felon from being eligible for voluntary departure, and that the Respondent is statutorily ineligible for cancellation of removal, which was formerly a waiver of inadmissibility pursuant to Section 212(c) of the Immigration and Nationality Act.

The Respondent designated Holland or Netherlands, the official name of Holland, as the country to which his removal be directed if required.  Guyana was designated as an alternate country of removal, if required.  The Respondent was asked if he feared persecution if returned to Guyana, and indicated no, and consequently I find that the Respondent is not applying for withholding of removal to Guyana.   The Respondent being an aggravated felon is statutorily ineligible for political asylum.

<u>ORDER:</u>

IT IS ORDERED, that the Respondent be removed from

A 13 914 980                    4             September 15, 1998

NV

the United States of America to Holland or Netherlands, as it
is officially called, on the charge contained in the Notice to
Appear, and if Holland or the Netherlands will not accept the
Respondent into its territory, then the Respondent shall be
removed from the United States of America to Guyana on the
charge contained in the Notice to Appear.


_____
THOMAS M. RAGNO
Immigration Judge


A 13 914 980                          5                    September 15, 1998

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

THOMAS M. RAGNO

in the matter of:

SIDNEY BRADSHAW

A 13 914 980

Boston, Massachusetts

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

_____
(Nancy Vizer, Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

_____March 5, 1999_____
(Completion Date)

# EXHIBIT - 4

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BOSTON, MASSACHUSETTS

File:  A13 914 980

In the Matter of                          )
                                          )
Sydney BRADSHAW,                          )        IN REMOVAL
                                          )        PROCEEDINGS
Respondent                                )
                                                      |

CHARGE:    Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("the Act")
           [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of an Aggravated Felony

APPLICATION:    Motion to Reopen

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:
Pro se                                Assistant District Counsel
                                      Trial Attorney Unit - INS
                                      JFK Federal Bldg., Rm. 425
                                      Boston, Massachusetts 02203

## DECISION OF THE IMMIGRATION JUDGE

On September 24, 1998, the respondent filed a motion to reopen in the above referenced matter. The Immigration and Naturalization Service ("the Service") served the respondent a Notice to Appear ("NTA") alleging that the respondent was a native and citizen of Guyana who entered the United States on or about December 20, 1964 at or near New York, New York. The NTA also alleges that the respondent entered as an immigrant and is removable because on February 9, 1998 he was convicted of aggravated assault in the Vermont District Court in Burlington, Vermont in violation of V.S.A. 13 Title 1024. For said offense, the NTA alleges that the respondent received eight months of imprisonment and the remaining three years and four months suspended pending successful completion of probation. In a hearing on September 15, 1998, the respondent admitted the factual allegations contained in the NTA but denied removability as charged. Thereafter, the Immigration Judge found the respondent was removable on the basis of the allegations contained in the NTA.

In his motion, the respondent asserts that he is entitled to reopening because the order of removal entered by the Immigration Judge on October 15, 1998 indicates that the country designated for removal is Guyana. The respondent contends that his country of origin is British Guiana not Guyana, which he alleges is South Vietnam or Vietnam. See Respondent's Motion at 1. Moreover, the respondent asserts that he has received information from the "Guyannese"

Exh. 4

embassy suggesting that he will be imprisoned and tortured daily as an embarrassment because he has no family in Guyana. Id.

The Immigration Judge has jurisdiction to reopen any case in which she or he has made a decision, but the motion to reopen will not be granted unless the Immigration Judge finds that the evidence sought to be offered was not available and could not have been discovered or presented at the hearing. 8 C.F.R. §3.23(b)(3). A party seeking to reopen exclusion, deportation or removal proceedings must state the new facts the party intends to establish, supported by affidavits or other evidentiary material. 8 C.F.R. §103.5; INS v. Wang, 450 U.S. 139 (1981); Matter of Leon-Orosco and Rodriguez-Colas, 19 I & N Dec. 136 (BIA 1983; AG 1984); Matter of Reyes, 18 I & N Dec. 249 (BIA 1982). The Immigration Judge has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief. 8 C.F.R. §3.23(b)(3).

The respondent's motion to reopen will be denied. Pursuant to the United States Department of State Foreign Affairs Manual, "British Guiana" is also designated as "Guyana." See United States Department of State Foreign Affairs Manual, Birthplace Transcription Guide for Use in Preparing Passports, Part II: Other Countries, Vol. 7, 1998. Consequently, the Court finds no merit in the respondent's contention that the Immigration Judge improperly designated "Guyana" as the country for removal purposes. Moreover, beyond his assertions in his motion, the respondent failed to produce any evidence supporting his belief that he will be imprisoned and tortured daily upon his return to Guyana and failed to file any related application for relief from removal, including asylum and withholding of removal pursuant to sections 208 and 243(h) of the Act, respectively. Accordingly, the following order shall enter:

ORDER: IT IS ORDERED that the Respondent's Motion to Reopen deportation proceedings be, and the same is hereby DENIED.


/0c 2-98
_____
Date


THOMAS M. RAGNO
United States Immigration Judge


A13914980/mtr/esh

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
, MASSACHUSETTS

BRADSHAW, SYDNEY
FRANKLIN COUNTY JAIL
ST. ALBANS    VT 05478

IN THE MATTER OF              FILE A 13-914-980        DATE: Oct 14, 1998
BRADSHAW, SYDNEY

_X_ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
    IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
    WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
    SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
    YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
    MUST BE MAILED TO:
                          BOARD OF IMMIGRATION APPEALS
                          OFFICE OF THE CLERK
                          P.O. BOX 8530
                          FALLS CHURCH, VA  22041

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
    OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
    THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
    WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
    SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
    8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
    TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:
                          IMMIGRATION COURT
                          JFK FEDERAL BLDG., ROOM 320
                          BOSTON, MA  02203-0002

___ OTHER: _____

                                      COURT CLERK
                                      IMMIGRATION COURT                    FF

    CC: M. JOHN D'ANGELO
        J.F.K. FEDERAL BLDG. RM. 405
        BOSTON, MA  02203

KEK

# EXHIBIT - 5

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## UNITED STATES IMMIGRATION COURT
## BOSTON, MASSACHUSETTS

File: A13 914 980

In the Matter of                            )
                                            )
Sydney BRADSHAW,                            )          IN REMOVAL
                                            )          PROCEEDINGS
Respondent                                  )


CHARGE:    Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("the Act")
           [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of an Aggravated Felony

APPLICATION:    Motion to Reopen

ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:
Pro Se                              Assistant District Counsel
                                    Trial Attorney Unit - INS
                                    JFK Federal Bldg., Rm. 425
                                    Boston, Massachusetts 02203

## DECISION OF THE IMMIGRATION JUDGE

On October 16, 1998, the respondent filed a motion to reopen in the above referenced matter. The Immigration and Naturalization Service ("the Service") served the respondent a Notice to Appear ("NTA") alleging that the respondent was a native and citizen of Guyana who entered the United States on or about December 20, 1964 at or near New York, New York. The NTA also alleges that the respondent entered as an immigrant and is removable because on February 9, 1998 he was convicted of aggravated assault in the Vermont District Court in Burlington, Vermont in violation of V.S.A. 13 Title 1024. For said offense, the NTA alleges that the respondent received eight months of imprisonment and the remaining three years and four months suspended pending successful completion of probation. In a hearing on September 15, 1998, the respondent admitted the factual allegations contained in the NTA but denied removability as charged. Thereafter, the Immigration Judge found the respondent was removable on the basis of the allegations contained in the NTA.

In his motion, the respondent asserts that he is entitled to reopening to apply for withholding of removal. The respondent asserts that he has been the beneficiary of social security insurance since 1993 and he needs unnamed medication to live. Noting that he is under an unnamed doctor's care, the respondent asserts the medication prescribed for him is not available to him in Guyana. Thus, he contends that he is eligible for withholding of removal

Exh. 5

because his medical condition makes him a member of a social group whose life would be threatened upon removal.

The Immigration Judge has jurisdiction to reopen any case in which she or he has made a decision, but the motion to reopen will not be granted unless the Immigration Judge finds that the evidence sought to be offered was not available and could not have been discovered or presented at the hearing. 8 C.F.R. §3.23(b)(3). A party seeking to reopen exclusion, deportation or removal proceedings must state the new facts the party intends to establish, supported by affidavits or other evidentiary material. 8 C.F.R. §103.5; INS v. Wang, 450 U.S. 139 (1981); Matter of Leon-Orosco and Rodriguez-Colas, 19 I & N Dec. 136 (BIA 1983; AG 1984); Matter of Reyes, 18 I & N Dec. 249 (BIA 1982). The Immigration Judge has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief. 8 C.F.R. §3.23(b)(3).

The respondent's motion to reopen will be denied. The respondent failed to submit to the Court any documentation to support his assertion that his life would be threatened upon his removal. Such documentation would normally include a completed application for asylum and withholding of removal (Form I-589) and any other evidence that would support the respondent's claims, including, but not limited to, affidavits, newspaper articles, journals, country reports, etc. Moreover, the Court is unconvinced as to whether the respondent's argument is even meritorious. Pursuant to 8 C.F.R. §208.16, an applicant's burden of proof in establishing he is entitled to withholding of removal is sustained upon a showing that the applicant's life or freedom shall be threatened if it is more likely than not that he or she would be *persecuted* on account of race, religion, nationality, membership in a particular social group, or political opinion. Beyond unsupported allegations of his medical condition, the respondent failed to provide the Court any indication that he *would suffer persecution or has suffered persecution* on the aforementioned bases. Therefore, in the absence of supporting evidence, the respondent's motion is denied as a matter of discretion. Accordingly, the following order shall enter:

ORDER: IT IS ORDERED that the Respondent's Motion to Reopen deportation proceedings be, and the same is hereby DENIED.

10-29-98
_____
Date

_____
THOMAS M. RAGNO
United States Immigration Judge

A13914980/mtr/10-27-98/esh

# EXHIBIT - 6

JAN-20-1999  09:28      BOSTON DISTRICT COUNSEL                    P.03/05

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## UNITED STATES IMMIGRATION COURT
## BOSTON, MASSACHUSETTS

File:  A13 914 980

In the Matter of                              )
                                              )
Sydney BRADSHAW,                              )        IN REMOVAL
                                              )        PROCEEDINGS
Respondent                                    )


CHARGE:     Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("the Act")
            [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of an Aggravated Felony


APPLICATION:     Motion to Reopen

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:
Pro Se                                Assistant District Counsel
                                      Trial Attorney Unit – INS
                                      JFK Federal Bldg., Rm. 425
                                      Boston, Massachusetts 02203


## DECISION OF THE IMMIGRATION JUDGE

On December 23, 1998, the respondent filed a motion to reopen in the above referenced matter.  In his motion, the respondent requests reopening to apply for withholding of removal.  The respondent asserts that the Immigration Judge failed to inform him of the possibility of applying for withholding of removal pursuant to section 241 of the Act.  The respondent notes that he is suffering from severe "maladies" which require medication and the supervision of several doctors.  Due to his medical condition, the respondent contends that it would be impossible to obtain the medications he needs or be gainfully employed if he were removed.  Therefore, the respondent requests humanitarian relief.  The respondent also notes that he has been informed by fellow Guyanese that upon his removal, he would be indefinitely detained.

As of the date of this decision, the Immigration and Naturalization Service ("the Service") has not filed a response to the respondent's motion.  Therefore, the Service will be deemed unopposed.  See Local Operating Procedure #5.

The Service issued the respondent a Notice to Appear ("NTA") alleging that the respondent was a native and citizen of Guyana who entered the United States on or about December 20, 1964 at or near New York, New York.  The NTA also alleges that the respondent entered as an immigrant and is removable because on February 9, 1998 he was convicted of

aggravated assault in the Vermont District Court in Burlington, Vermont in violation of V.S.A. 13 Title 1024. For said offense, the NTA alleges that the respondent received eight months of imprisonment and the remaining three years and four months suspended pending successful completion of probation. In a hearing on September 15, 1998, the respondent admitted the factual allegations contained in the NTA but denied removability as charged. Thereafter, the Immigration Judge found the respondent was removable on the basis of the allegations contained in the NTA.

The Immigration Judge has jurisdiction to reopen any case in which she or he has made a decision, but the motion to reopen will not be granted unless the Immigration Judge finds that the evidence sought to be offered was not available and could not have been discovered or presented at the hearing. 8 C.F.R. §3.23(b)(3). A party seeking to reopen exclusion, deportation or removal proceedings must state the new facts the party intends to establish, supported by affidavits or other evidentiary material. 8 C.F.R. §103.5; INS v. Wang, 450 U.S. 139 (1981); Matter of Leon-Orosco and Rodriguez-Colas, 19 I & N Dec. 136 (BIA 1983; AG 1984); Matter of Reyes, 18 I & N Dec. 249 (BIA 1982). The Immigration Judge has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief. 8 C.F.R. §3.23(b)(3).

The respondent's motion to reopen will be denied. Generally, motions to reopen must be filed within 90 days of a final administrative order or on or before September 30, 1996, whichever is later. See 8 C.F.R. §3.23(b) (1998). However, the time and numerical limitations set forth in 8 C.F.R. part 3.23 do not apply if an alien is filing a motion to reopen to apply for asylum and/or withholding of removal based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the time of the previous hearing. See 8 C.F.R. §3.23(b)(4) (1998). The respondent's motion fails to allege any evidence of changed country conditions which were not available at the time of his hearing. Therefore, the respondent's motion is barred as having been filed after 90 days after a final administrative order of removal was entered and because the Record of Proceeding indicates that the instant motion is his second motion to reopen. See 8 C.F.R. §3.23(b) (1998).

The Court also will deny the respondent's motion as a matter of discretion. Initially, the Court notes that the Court specifically inquired of the respondent if he feared removal to Guyana in accordance to 8 C.F.R. §240.11 during his removal hearing. However, the respondent indicated he did not possess such fear and thus, the Court did not discuss the possibility of withholding for the respondent. Although in his motion, the respondent discusses his medical condition and his fear of returning to Guyana due to his inability to obtain employment and the prospect of imprisonment, the respondent failed to submit any documentation to support his assertion that his life would be threatened upon his removal or that he is suffering from severe medical condition. Pursuant to 8 C.F.R. §208.16, an applicant's burden of proof in establishing he is entitled to withholding of removal is sustained upon a showing that the applicant's life or freedom shall be threatened if it is more likely than not that he or she would be *persecuted* on account of race, religion, nationality, membership in a particular social group, or political

2

opinion. Beyond unsupported allegations of his medical condition, the respondent failed to provide the Court a completed application for withholding of removal (Form I-589) nor any indication that he *would suffer persecution or has suffered persecution* on the aforementioned bases. Therefore, in the absence of supporting evidence and a prima facie showing of eligibility for withholding, the respondent's motion will be denied as a matter of discretion. See 8 C.F.R. §3.23(b)(3) (1998). Accordingly, the following order shall enter:

ORDER: IT IS ORDERED that the Respondent's Motion to Reopen Removal proceedings be, and the same is hereby DENIED.

1-14-99
Date

THOMAS M. RAGNO
United States Immigration Judge

A13914980/mcr/1-14-99/esh

3

# EXHIBIT - 7

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A13 914 980 - Boston

Date:    JUN 23 1999

In re:  SYDNEY BRADSHAW

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Pro se

ON BEHALF OF SERVICE:    Cathleen DeSimone
                          Assistant District Counsel

RECEIVED

JUL 1 - 1999

CHARGE:

DEPORTATION — HAR

Notice:  Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
         Convicted of aggravated felony

APPLICATION:  Termination

In a decision dated September 15, 1998, an Immigration Judge found the respondent removable as charged and ordered him removed from the United States. The respondent's appeal of that decision will be dismissed; his request for oral argument is denied. 8 C.F.R. § 3.1(e) (1999). Prior to addressing the merits of his appeal, however, we must address a procedural issue.

Following the Immigration Judge's decision on September 15, 1998, the respondent went on to file three motions to reopen with the Immigration Judge. The first was filed on September 24, 1998; the second on October 16, 1998; and the third on December 23, 1998. Although the Immigration Judge had jurisdiction to adjudicate the first motion to reopen, he did not have jurisdiction for the second and third.

Apparently, there was an error in data processing here at the Board and the respondent's Notice of Appeal (Form EOIR-26) was not properly entered into our computer system until March of 1999. However, the Notice of Appeal is clearly date-stamped October 13, 1998 and, therefore, was filed in a timely manner.[1] While the Immigration Judge had jurisdiction to rule on the respondent's September 24, 1998, motion to reopen and, indeed, did so on October 2, 1998, he was not free to rule on the subsequent two motions which were filed with him while an appeal was pending at the Board.

---

[1]  The respondent's appeal was due on or before October 15, 1998. Accordingly, we deny the Immigration and Naturalization Service's motion for summary dismissal for failure to file a timely appeal.

EXH. 7

A13 914 980

8 C.F.R. § 3.23(b). Accordingly, we will vacate his October 29, 1998, and January 14, 1999, decisions denying the respondent's second and third motions to reopen, respectively.[2]

Turning to the respondent's appeal, he makes several arguments. First, he states that he was denied a full hearing and the opportunity to respond to the allegations against him. Further, he asserts that he has equities and family here.

We first note that the respondent has completely failed to articulate how he was denied due process or to support his assertion with evidence. The Immigration Judge continued the hearing in order to allow the respondent to obtain representation and he did. The fact that the respondent has family here and has resided in the United States for a lengthy amount of time does not alter the fact that he is removable as charged. In sum, we find no grounds which support his arguments relating to the hearing process.[3]

Second the respondent argues that the Immigration Judge denied him the opportunity to apply for citizenship under 8 C.F.R. § 242.7(e). Although it is unclear what exactly the respondent is referring to with this regulatory section, we presume him to mean the possibility that he is a derivative United States citizen through the naturalization of his parents. The respondent was afforded the opportunity to present evidence to support this assertion at the hearing and failed to do so. In fact, he subsequently admitted that he is not a citizen, derivative or otherwise (Tr. at 15). We are not persuaded that he was denied due process.

The respondent also argues that the evidence of record established that his conviction for aggravated assault would be vacated and that the Immigration Judge failed to investigate this. We first note that it is not the Immigration Judge's job to present evidence on the respondent's behalf. Once the Service has offered evidence that, on its face, would meet the Service's burden of proof, it is the respondent's burden to go forward with the evidence and present information in opposition to the Service's allegations. At any rate, this issue was addressed at the hearing when the

---

[2] We note for the record that the Immigration Judge addressed the merits in both the second and third motions which were actually barred by our regulations' numerical limitation on such motions. See 8 C.F.R. § 3.2(c)(2) (1998). Our regulations do provide for an exception to the numerical limitation where an alien alleges changed circumstances pursuant to 8 C.F.R. §§ 3.23(b)(4) and 3.2(c)(3)(ii). The Immigration Judge specifically noted this exception in his January 14, 1999, decision and found that the respondent had failed to allege evidence to support such an allegation.

[3] On May 21, 1999, we received a filing from the respondent entitled "supplement to brief of 05/06/99." Our records show no brief having been filed on May 6, 1999. At any rate, although it is unclear, the respondent's supplement seems to be arguing that the Immigration Judge denied him the opportunity to apply for withholding of removal. However, as stated by the Immigration Judge in his decision, the respondent was questioned as to whether he feared persecution in Guyana and responded in the negative (I.J. at 4). Therefore, he was clearly given the opportunity to apply for such relief and we find no grounds upon which to remand.

2

A13 914 980

Immigration Judge again continued proceedings in order to allow the respondent an opportunity to obtain evidence that he had appealed his conviction and that it would be vacated; he failed to do so (Tr. at 21).

Fourth, the respondent argues that the Immigration Judge erred in ordering the respondent deported to Guyana since he actually comes from British Guiana which no longer exists. He asserts that the entire removal hearing is retaliatory and that he fears for his life.

We note that the respondent was ordered removed to Holland with an *alternative* order of removal to Guyana. Second, for the most part, these issues were previously addressed in the Immigration Judge's decision denying the respondent's first motion to reopen. As stated therein, "British Guiana" is the equivalent of "Guyana." Furthermore, the Immigration Judge properly determined that the respondent had failed to produce any evidence to support his allegations of improper removal designation or of alleged persecution. Indeed, the respondent failed to articulate his claims in any substantial manner. The same is true of his claim regarding retaliation which is not wholly comprehensible at any rate.

In sum, we find that the respondent's appeal borders on the frivolous. We find no grounds upon which to vacate the Immigration Judge's decision or upon which to remand. Accordingly, the appeal will be dismissed.

ORDER: The Immigration Judge's decisions dated October 29, 1998, and January 14, 1999, denying the respondent's motions to reopen are hereby vacated.

FURTHER ORDER: The respondent's appeal is dismissed.

_____
FOR THE BOARD

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYDNEY BRADSHAW,                     :
          Petitioner                 :        No. 1:CV-01-0756
                                     :
          v.                         :        (Judge Caldwell)
                                     :
IMMIGRATION AND NATURALIZATION       :
SERVICE,                             :
          Respondent                 :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 24th day of May, 2001, she served a copy of the attached

**RESPONDENT'S EXHIBITS IN SUPPORT OF
ITS RESPONSE TO THE WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Sydney Bradshaw, #60086
York County Prison
3400 Concord Road
York, PA  17402

*Becky Plesic*
_____
BECKY PLESIC
Legal Secretary