

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
*******************************
                              *
SYDNEY BRADSHAW               *
        PETITIONER            *
                              *
                              *              FILE No. 1:CV-01-0756
    Vs.                       *              (Judge; Caldwell)
                              *
                              *
IMMIGRATION & NATURALIZATION  *
SERVICE,                      *
        RESPONDENT            *
*******************************
```

FILED
SCRANTON
DEC 03 2001

DEPUTY CLERK

PETITIONER'S (SUPPLEMENT REBUTTAL) TO THE U.S. ATTORNERY'S RESPONSE
TO THE PETITIONER'S WRIT OF HABEAS CORPUS.

  The United State's Attorney, has carefully and predictable interpreted the congress's
1952 INA, § 321, to fit their own criteria and agenda. (the deportation of aliens in a
indiscriminate, malicious and in an abundantly prejudical manner).

Before we consider the precise wording of Section 321 (a) of the Immigration nationality
act, it is most important we understand what the conjunction AND, means. Or in general
what the defination of a conjunction is...See the American Heritage dictionary.  At the
same time please consider the meaning of the word OR, (and alternative, the second of
two choices to be used in a given situation to achieve an ultimate goal or purpose. In
this case derivative citizenship.

Section 321 (a) of the INA reads as follows:
A child born outside the United States of alien parents, becomes a citizen of the U.S
upon the fullillment of the following conditions:
1. The naturalization of both parents; (OR) interpreted meaning...in the alternative
that both parents do not naturalize the following other conditions will suffice for said
child to obtain U.S. citizenship. See #s (4) & (5). The section does not state that num-
bers (2) & (3) of the act are necessary prerequisites for number (4) & (5) to be implem-
ented for said child to attain his U.S. citizenship.
2. The manner in which numer (3) of the INA is written, left it open to serious varied
conjecture, ambiguity and bigotry, by those who defend the republis of the United States.

3. The repealing of 8. USC § 1432 of the INA and the amending of section 1431 and 1433 also the impementation of the child citizenship ACT of 2000, SS 101-103, would to the prudent and thinking mind seem only logical in purpose as to construe in purpose the effect of past ACTS in history, such as the Magna Carta ACT, & th emancipation ACT of Lincoln's day, are legislative Acts to relieve the pain and suffering of the immediate time and people. And the most prudent branch of the U.S. Government to best interpret the laws passed by congress so that justice would be properly served accross the board and equality be prevail for all that have suffered of from the previouse inadequacy of the past legislation of the 1952 congress INA ACT erroneous nonchalant dubious and ambiguitious interpretation by lay lawyers of the day. That if left to their reasoning would have the nation thrown into a Vichy type regime as occured in France in the 1940s when over 80,000 Jews were bitterly betrayed by their fellow country men deported to detention centers (Dracy & Auschwitz for example - today here in the U.S. they are called COUNTY JAILS, YORK, MONTGOMERY COUNTY, BERKS COUNTY AND THE LIKES). Over Half a million L.P.Rs. have been removed from the U.S. along with some U.S. Citizens a fact that is kept fro the eye of the public, but is a well known and documented occurence in the files of the INS. (not less we not mention CAMP OAKDALE).

Wherefore, based on the foregoing, the petitioner beseech, and respectfully ask this most Honorable Court to "SEMPER FI," and prudently consider the stakes at had and the pain and suffering of its' present residents and citizens. And be genuine and just in this matter of interpreting the laws as congress intended its' application to reaffirm that justice prevail for all that live within its' boarders, and not a select part of its' residents.

FAITHFULLY SUBMITTED

*[signature]*
SYDNEY BRADSHAW

## CERTIFICATE OF SERVICE

I Hereby cietify that a true copy of the within document was served on the U.S. Attorney's office, Asst' U.S. attorney Ms Kate L. Mershimer, at 228 Walnut St. 2nd Fl. P.O. Box 11754/Harrisburg, PA. 171708-1754, on the 20, day of November 2001, by regular mail from M.C.C.F. out going mail first class mail. *[signature]*

(2)

Section 321 (a) of the Act determines in part that

> A child born outside of the United States of alien parents ... becomes a citizen of the United States upon the fulfillment of the following conditions:
>
> (1) The naturalization of both parents; or
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
> (5) Such child is residing in the United States pursuant to lawful admission for permanent residence at the time of the naturalization of the parent last naturalized ..., or thereafter begins to reside permanently in the United States while under the age of eighteen years...

As amended, section 1431 provides that a child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

(1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.

(2) The child is under the age of eighteen years.

(3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

8 U.S.C. §1431.

The provisions of the Child Citizenship Act apply only to "individuals who satisfy the requirements of section 320 [§1431] or 322 [§1433] of the Immigration and Nationality Act, as in effect on [February 27, 2001]." Child Citizenship Act of 2000, §104.[2] Thus,

---

[1] Although repealed on February 27, 2001, 8 U.S.C. §1432 remains in effect for aliens who fulfilled the conditions stated in that section before that date.

[2] That section provides:

> The amendments made by this title shall take effect 120 days after the date of the enactment of this Act and

7

Exhibit 008
(copy)

Attachment to Form I-292                                                          A-13 914 980


Reference is made to the Application for Certificate of Citizenship, Form N-600, filed by you on or around May 16, 2001 under Section 321 of the Immigration and Nationality Act as amended.

Section 321 (a) of the Act determines in part that

> A child born outside of the United States of alien parents ... becomes a citizen of the United States upon the fulfillment of the following conditions:
>
> (1) The naturalization of both parents; or
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
> (5) Such child is residing in the United States pursuant to lawful admission for permanent residence at the time of the naturalization of the parent last naturalized ..., or thereafter begins to reside permanently in the United States while under the age of eighteen years...

Service records reflect that you were born on April 15, 1953 in Guyana. On December 20, 1964 you were admitted to the United States as a legal resident alien. A birth certificate submitted in connection with your application for an immigrant visa identifies your mother as Ms. Frances Veronica Bradshaw nee De Mendonca, and your father as Mr. Sydney Arnold Bradshaw. Both your parents were nationals of Guyana at the time of your birth. Service records confirm that your parents were married to each other on June 29, 1949. There is no evidence that your parents ever became legally separated or divorced. You have reported in your application that your parents to this date reside together at 151 Crown Street, Brooklyn, NY.

Service records confirm that your mother became a naturalized United States citizen on December 02, 1969. A copy of a naturalization certificate for your father verifies that he became a naturalized citizen of this country on January 10, 1978. You were at the time twenty-four years old.

Inasmuch as only your mother became a citizen of the United States before your eighteenth birth date, and since no limited or absolute divorce terminated the marriage between your parents before you became eighteen years of age, you did not derive United States citizenship as a result of the naturalization of either one of your parents.

ORDER: The Application for Certificate of Citizenship, Form N-600, filed by you on or around May 16, 2001 is hereby denied.