ORIGINAL

Caldwell

12/11/01

Re: 1:CV-01-0756

Dear Judge Caldwell, enclosed is sufficient proof of my derivative citizenship.

The U.S. Attorney's office made an error by using an act in the INA Law that pertains to cases after 1986.

Please your honor correct this mistake and order my release or whatever you deem proper and lawful in this matter.

Sincerely,

Sydney Taggart



FILED
DEC 17 2001
PER HARRISBURG, PA   DEPUTY CLERK

UNITED STATES DEPARTMENT OF STATE
# APPLICATION FOR PASSPORT BY MAIL

### CAN I USE THIS FORM?
Complete this checklist to determine your eligibility to use this form.

1. I can submit my most recent passport.                                              ☐ Yes  ☑ No
2. I was at least 16 years old when my most recent passport was issued.               ☐ Yes  ☑ No
3. I was issued my most recent passport less than 1$ years ago.                       ☐ Yes  ☑ No
4. I use the same name as on my most recent passport, OR
   I have had my name changed by marriage or court order and
   can submit proper documentation to reflect my name changes.                        ☐ Yes  ☑ No

*I Need This To Take me To get This Done Please order Them To do so*

If you answered NO to any of the four statements above, STOP - You cannot use this form!!!
You must apply on application form DSP-11 by making a personal appearance before a
passport agent, postal clerk or clerk of court authorized to accept passport applications.

**FOLLOW INSTRUCTIONS CAREFULLY - INCOMPLETE OR UNACCEPTABLE APPLICATIONS WILL DELAY THE ISSUANCE OF YOUR PASSPORT.** For detailed information on the items to be included, see the reverse side of this application.

(NATIONAL PASSPORT INFORMATION CENTER (1-900-225-5674)

PLEASE REMOVE THIS STUB BEFORE MAILING AND RETAIN FOR YOUR RECORDS

§11.9 / Immigration Law

is made on the regular passport application form but should have all evidentiary issues fully documented.

**§11.9(b). Derivation of Citizenship by Naturalization of Parent.** A child born abroad derives citizenship automatically without court action when one or both parents are naturalized prior to the child's attaining the required statutory age of adulthood and length of permanent residence. §§320 and 321 of the Act, 8 U.S.C. §§1431 and 1432.

One way to distinguish derivation from acquisition is that on the date of the child's birth abroad, the parent or parents must already be citizens in order for the child to acquire citizenship.

As with acquisition, the applicable laws have evolved several times, resulting in a different set of rules depending on the date the parent or parents were naturalized.

**(1). Parent Naturalized Before May 24, 1934.** Where either parent was naturalized before May 24, 1934 and prior to the child's twenty-first birthday, and the child became a permanent resident before May 23, 1934 and before attaining age twenty-one, derivation of citizenship occurred. §5 of the Act of March 2, 1907, 34 Stat. 1228.

**(2). Parent Naturalized On or After May 24, 1934 and Before January 13, 1941.** If one parent was naturalized between May 23, 1934 and January 13, 1941 the child derived citizenship if: the parent was naturalized before the child reached age twenty-one; the child became a permanent resident before reaching twenty-one; and the child had five years' permanent residence in the United States, beginning during the age of minority and before January 13, 1941. §2 of the Act of May 24, 1934, 48 Stat. 797. However, if the parent was naturalized before May 23, 1934, and the child was admitted on or after that date, then the child still had to meet the above requirements.

The five years' permanent residency required of the child is not applicable where both parents are naturalized, where one parent has died, or where the parents are legally separated and the naturalized parent in question has legal custody of the child.

**(3). Parent Naturalized On or After January 13, 1941 and Before December 24, 1952.** If both parents were naturalized, or in the event of death, the surviving parent having legal custody of the child, or the parent having legal custody of the child if the parents were legally separated, was naturalized on or after January 13, 1941 and before December 24, 1952, the child derives citizenship subject to two conditions.

over

if approved, the child becomes a citizen as of time of the application's approval, rather than as of the date of the child's birth.

INA §322 imposes additional requirements:

(1) The certificate of citizenship can only be issued to a child who is under the age of eighteen. The instructions to Supplement A to Form N-600 provide that the application must be approved prior to the child's eighteenth birthday.
(2) The child must be in the legal custody of the U.S. citizen parent.
(3) The child must take the oath of allegiance.
(4) The child must be of good moral character.
(5) The child must be present in the U.S. pursuant to a lawful admission.

Applicants in some districts have encountered difficulties and questionable practices in the adjudication of N-600s. Such practices as administratively closing files without notification to the applicant (thus depriving the applicant of the ability to pursue appeals) have been challenged in a class action lawsuit, *Fraga by and through Fraga v. Smith*, 607 F. Supp. 517 (D. Ore. 1985). The court in *Fraga* ordered the Service to notify an applicant of the acceptable forms of secondary evidence and the standard of proof; notification, the court stated, could be accomplished either through rulemaking or by individual advisals. The Service has responded by promulgating amendments to 8 C.F.R. §341, requiring notification to the applicant where the Service intends to close a file.[50] The Service had also earlier proposed an amendment to 8 C.F.R. §341.2 that would dispense with mandatory N-600 interviews where satisfactory documentary evidence is submitted with the application.[51]

An alternative way to establish derivative or acquisitive citizenship is to file an application with the Passport Office of the State Department. A U.S. passport is conclusive proof of U.S. citizenship. Many practitioners prefer the Passport Office because of its speed and historical rate of approval. In addition, if the passport application is denied, the applicant may directly challenge the denial in federal court. On the other hand, denial of an N-600 application is not subject to judicial review unless the applicant has first unsuccessfully pursued an administrative appeal of the denial pursuant to 8 C.F.R. §341.6. The application

---

[50] 50 Fed. Reg. 39649, effective Sept. 30, 1985.
[51] 50 Fed. Reg. 28586 (July 15, 1985).

(4). <u>CHILD BORN ON OR AFTER DEC 24, 1952 AND BEFORE NOVEMBER 14, 1986.</u>

A CHILD BORN ABROAD DERIVES CITIZENSHIP AUTOMATICALLY WITHOUT COURT ACTION WHEN ONE OR BOTH PARENTS ARE NATURALIZED PRIOR TO THE CHILD'S <u>ATTAINING THE REQUIRED STATUTORY AGE OF (18 OR 21), ADULTHOOD AND LENGTH OF (5 YEARS) PERMANENT RESIDENCE,</u> §§320 and 321 of ACT 8, U.S.C. §§1431 AND 1432.

11-20.2

SEE: NATIONAL LAWYERS GUILD – IMMIGRATION LAW & DEFENSE – THIRD EDITION WEST GROUP.  RELEASE # 23, 4/99.   CBC   <u>CLARK BOARDMAN CALLAGHAN</u>

Section 321 (a) of the Act determines in part that : GOVERNS ONLY PERSONS BORN AFTER 11/14/
PETITIONER SYDNEY BRADSHAW DATE OF BIRTH IS APRIL 15, 1953 - THIS LAW DOES NOT A
TO HIS CASE!! A child born outside of the United States of alien parents ... becomes a citizen of the
United States upon the fulfillment of the following conditions:

(1) The naturalization of both parents; or
(2) The naturalization of the surviving parent if one of the parents is deceased; or
(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and
(4) Such naturalization takes place while such child is under the age of eighteen years; and
(5) Such child is residing in the United States pursuant to lawful admission for permanent residence at the time of the naturalization of the parent last naturalized ..., or thereafter begins to reside permanently in the United States while under the age of eighteen years…

*[left margin, vertical handwriting]: SYDNEY BRADSHAW D.O.B. IS 04/15/53. THE LAW USED BY THE I.N.S. AND THE UNITED STATES ATTORNEY'S OFFICE TO DENY BRADSHAW'S DERIVATIVE CITIZENSHIP IS THE LAW THAT BECAME EFFECTED AFTER NOVEMBER 14, 1986!!! WRONG APPLICATION.*

*[right margin handwriting]: 1954 5 year resid satisf*

Service records reflect that you were born on April 15, 1953 in Guyana. On December 20, 19__ you were admitted to the United States as a legal resident alien. A birth certificate submitted connection with your application for an immigrant visa identifies your mother as Ms. Frances Veronica Bradshaw nee De Mendonca, and your father as Mr. Sydney Arnold Bradshaw. Bo your parents were nationals of Guyana at the time of your birth. Service records confirm that your parents were married to each other on June 29, 1949. There is no evidence that your parents ever became legally separated or divorced. You have reported in your application that your parents to this date reside together at 151 Crown Street, Brooklyn, NY.

Service records confirm that your mother became a naturalized United States citizen on December 02, 1969. A copy of a naturalization certificate for your father verifies that he became a naturalized citizen of this country on January 10, 1978. You were at the time twenty-four years old.

Inasmuch as only your mother became a citizen of the United States before your eighteenth birth date, and since no limited or absolute divorce terminated the marriage between your parents before you became eighteen years of age. you did not derive United States citizenship as a result of the naturalization of either one of your parents.

ORDER: The Application for Certificate of Citizenship, Form N-600, filed by you on or around May 16, 2001 is hereby denied. : CERTIFICATE SHOULD BE GRANTED!!!
(4) CHILD BORN ON OR AFTER DEC 24, 1952 AND BEFORE NOVEMBER 14, 1986
PETITIONER'S D.O.B. _____ ALERT! ALERT! PETITIONER'S D.O.B. 04/15/53
A CHILD BORN ABROAD DERIVES CITIZENSHIP AUTOMATICALLY WITHOUT COURT ACTION WHEN
ONE OR BOTH PARENTS ARE NATURALIZED PRIOR TO THE CHILD'S ATTAINING THE REQUIRED
STATUTORY AGE OF ADULTHOOD AND LENGTH OF PERMANENT RESIDENCE §§320 and321 of AC
8 U.S.C. §§ 1431 AND 1432.

SEE: NATIONAL LAWYERS GUILD - IMMIGRATION LAW & DEFENSE - THIRD EDITION WEST
GROUP. RELEASE # 23, 4/99. CBC CLARK BOARDMAN CALLAGHAN