Law Clerk's Copy

FILED
HARRISBURG
JAN 0 3 2002
MARY E. D'ANDREA, CLE[RK]
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYDNEY BRADSHAW, :
    Petitioner : No. 1:CV-01-0756
:
v. : (Judge Caldwell)
:
IMMIGRATION AND NATURALIZATION :
SERVICE, :
    Respondent :

**RESPONSE TO PETITIONER'S CONTENTION AS TO APPLICABILITY OF TITLE 8 U.S.C. § 1432**

### Introduction

This is a habeas corpus matter brought by an alien, Sydney Bradshaw, a native and citizen of Guyana, who is in the custody of the Immigration and Naturalization Service ("INS"). Bradshaw filed a petition, respondent filed a response, petitioner filed a reply. This Court has, by Order dated December 18, 2001, ordered respondent to respond to only petitioner's contention as to the applicability of INA § 321, 8 U.S.C. § 1432. This response follows.

### Statement of Facts

Because this Honorable Court has requested respondent's response to a specific issue, respondent respectfully refers the Court to the statement of facts found in the original response to Bradshaw's petition.

## QUESTION PRESENTED

Does INA § 321, 8 U.S.C. § 1432 (repealed) apply ONLY to children born after November 14, 1986?

## ARGUMENT

Bradshaw claims that INA sections 320 and 321, which set out the conditions necessary for a child born outside the United States of alien parents to derive citizenship, apply only to persons born after November 14, 1986. This is incorrect. To support this contention, petitioner cites a paragraph from a National Lawyer's Guild treatise on immigration law and defense.[1] However, the paragraph cited relies upon and cites to the INA sections (§§ 320 and 321, 8 U.S.C. §§ 1431 and 1432) which contain no limitation of application to children born after November 14, 1986. The relevant statute states:

> (a) A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:
> (1) The naturalization of both parents; or
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the

---

[1] This treatise could not be located to check whether the language quoted was correct.

2

>    naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
>        (4) Such naturalization take place while such child is under the age of eighteen years; and
>        (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.
>    (b) Subsection (a) of this section shall apply to an adopted child only if the child is residing in the Untied States at the time of naturalization of such adoptive parent or parents, in the custody of his adoptive parent or parents, pursuant to a lawful admission for permanent residence.

INA SEC. 321, 8 U.S.C. 1432 (repealed).

Where does petitioner arrive at the date of November 14, 1986? Perhaps he read the "Immigration and Nationality Act Amendments of 1986"[2] which was enacted on November 14, 1986. This amendment to INA 321, 8 U.S.C. § 1432 merely inserted "unmarried and" after "(4) Such naturalization takes place while such child is". It did not, as petitioner would argue, render the entire statute inapplicable to any alien born before November 14, 1986.

Bradshaw argued in his original habeas corpus petition that he automatically derived United States citizenship when the amendments made to the INA by the Child Citizenship Act of 2000, Pub. L. No.

---

[2] Pub.L. No. 99-653 (HR 4444), November 14, 1986.

106-395, 114 Stat. 1631, took effect on February 27, 2001.[3] However, the Child Citizenship Act expressly provides that it will apply to persons who qualify for citizenship under its provisions as of the effective date. Because Bradshaw was over age 18 on the effective date, the Child Citizenship Act amendments do not apply to him. This point was made by respondent in its original response to Bradshaw's petition. Also stated in respondent's original response is that Bradshaw had been given an opportunity to establish derivative citizenship but admitted at hearing that he was not a United States citizen.

This Court inquired whether 8 U.S.C. § 1432 does not apply to Bradshaw since he was born before November 14, 1986. There is nothing in that statute, or 8 U.S.C. § 1431 that limits application to aliens born after November 14, 1986. Thus, petitioner's unsubstantiated argument of the statute's inapplicability to him based on his 1953 date of birth must be rejected.

---

[3]The Child Citizenship Act of 2000 provides that "[t]he amendments made by this title shall take effect 120 days after the date of enactment of this Act . . ." Id. at § 104, Pub. L. No. 106-395, 114 Stat. 1631, *1633. Thus, because President Clinton signed the Act into law on October 30, 2000, the amendments took effect on February 27, 2001.

4

## CONCLUSION

For the above-stated reasons, Bradshaw's detention is authorized by law and the writ of habeas corpus should be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*/s/ Mark E. Morrison*

MARK E. MORRISON
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date: January 3, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYDNEY BRADSHAW, :
    Petitioner : No. 1:CV-01-0756
:
    v. : (Judge Caldwell)
:
IMMIGRATION AND NATURALIZATION :
SERVICE, :
    Respondent :

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on this 3rd day of January, 2002, he served a copy of the attached

**RESPONSE TO PETITIONER'S CONTENTION
AS TO APPLICABILITY OF TITLE 8 U.S.C. § 1432**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Sydney Bradshaw
Berks County Prison
1287 County Welfare Rd.
Leesport, PA 19533-9397

NATHANAEL J. BYERLY
Paralegal Specialist